## Insurance Co. of North America v. Bethel

*Victoria Komarnicki*, for plaintiff.
*Francis Moran*, for defendant.

GAFNI, *J.*, January 18, 1983—Before the court is the motion of plaintiff, Insurance Company of North America (INA), for summary judgment in its

complaint in assumpsit against defendant, Edward Bethel.

The undisputed facts are as follows: Defendant, an uninsured motorist, was injured in an automobile accident in the City of Philadelphia on September 16, 1976. As defendant's vehicle was not insured at the time of the accident, he filed a claim for loss benefits under the Assigned Claims Plan, § 108 of the Pennsylvania No-fault Motor Vehicle Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.108. Defendant's claim for No-fault benefits under the Assigned Claims Plan was assigned to plaintiff. INA initially denied defendant's claim and defendant filed suit (Edward Bethel v. ESIS, Inc., State Farm Mutual Automobile Ins. Co. and Allstate Insurance Co., Phila., County, no. 2072, November, 1979) to recover benefits under the plan. A board of arbitrators entered an award in favor of defendant and against INA in the amount of $9,611.10; such amount was subsequently paid.

On December 7, 1981, INA commenced suit against defendant under § 501 of the No-fault Act to recover the benefits and costs paid to defendant pursuant to the earlier arbitration award. An arbitration hearing was held in INA's matter on September 16, 1982, and the panel found in favor of INA and against defendant in the amount of $9,611.10. On October 14, 1982, defendant filed a notice of appeal from said award.

Section 501 of the No-fault Act reads:

§ 1009.501 Uninsured motorists

The obligor (INA) obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle (defendant), the owner of which is uninsured pursuant to this act or to the spouse or relative resident in the household of the

owner or registrant of such motor vehicle, shall be entitled to recover all the benefits paid and appropriate loss or adjustments costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation of his motor vehicle registration and operator's license.

Section 501 is an integral part of the Assigned Claims Plan. The plan provides basic loss benefits for those persons injured in vehicular accidents which involve an uninsured motorist or where no insurance company is obligated to pay loss benefits. Such provision is made by assigning the claim to a participating insurance company, in the instant matter, INA. The rationale for paying claimants first and then allowing that entitlement to be challenged is expressed in the No-fault Act:

(9) A Statewide low-cost, comprehensive, and fair system . . . can save and restore the lives of countless victims by providing and paying the cost of services so that every victim has the opportunity to: (A) receive prompt and comprehensive professional treatment; and (B) be rehabilitated to the point where he can return as a useful member of society and a self-respecting and self-supporting citizen: 40 P.S. § 1009.102(a)(9).

Compensating the injured victim is no-fault's primary concern and, thus, it is the first step employed. Only after that step is completed can the owner be assessed for the amount of the compensation: General Accident Group v. Doctorovitz, 13 D. & C. 3d 630, 633 (1979).

Further, as Judge Kalish notes in the Doctorovitz opinion,

Section 501 is a risk of loss section. It dictates who will ultimately bear the risk of loss in an uninsured motorist claim. The plaintiff's right of recovery thereunder cannot be stated more clearly—the obligor 'shall be entitled to recover; . . . (footnote omitted)' His right is unconditional . . . (footnote omitted), and defendant's liability is strict. Our legislators obviously felt that those who fail to participate in the no-fault system should not be placed in a better position by it: General Accident Group v. Doctorovitz, supra, 634-635. See, also, Kottler v. Rick, 12 D. & C. 3d 316 (1979).

Accordingly, pursuant to §501 of the No-fault Act, defendant is liable to plaintiff as a matter of law. Plaintiff shall therefore be granted summary judgment on the issue of liability.

It is the view of the court, however, that the issue of damages is not so easily resolved. INA argues simply that it is due all sums which it paid to defendant pursuant to the arbitration award under the Assigned Claims Plan, $9,611.10. In response, defendant argues that he never claimed the amount of $9,611.10 as his damages; rather, defendant asserts that he claimed:

| | |
|---|---|
| $3,661.10 | in medical expenses |
| 4,000.00 | in work loss benefits |
| 1,950.00 | in attorney fees |
| 1,378,98 | in interest on the medical |
| ——————— | expenses and work loss benefits |
| $10,990.08 | |

Of the above amount claimed by defendant, defendant was awarded $9,611.10.

Section 501 of the No-fault Act allows INA to recover all the *benefits paid* and appropriate loss or adjustment costs incurred from the owner or registrant of such motor vehicle. (Emphasis added.)

A study of the definitions in the act reveals that INA is entitled only to that aspect of the $9,611.10 paid to defendant which can be attributed to no-fault benefits, that is, medical expenses and lost wages.[1]

Section 103 of the Act defines the "benefits" term of section 501 as those benefits provided in accordance with the Act for the *net loss* sustained by a victim, subject to any applicable limitations . . . authorized in accordance with this Act. (Emphasis added.)

As section 501 establishes no limitations on the amount recoverable, the "benefits" of section 501 are those intended to compensate the victim for his net loss.

"Net loss" as used in section 103 of the Act is defined as *loss* less benefits or advantages required to be subtracted from loss in calculating net loss pursuant to this act. (Emphasis added.)

"Loss," in turn, is defined as accrued economic detriment resulting from injury arising out of the maintenance or use of a motor vehicle consisting of, and *limited to, allowable expense, work loss, replacement services loss, and survivor's loss.* (Emphasis added.)

"Allowable expense" covers those expenses intended for medical treatment, rehabilitation and

---

1. Interest, as that amount which accrued upon defendant's medical expenses and wage losses prior to the arbitration award in defendant's favor, is not a proper element of plaintiff's recovery under section 501 of the No-fault Act, under the circumstances. Such amount represents the benefit to INA of the use of defendant's money for that period which defendant was deprived of its use by plaintiff's denial of his claim. For the court to now order the return of such sums to plaintiff would, in effect, countenance plaintiff's prior denial of payment.

funeral costs. Accordingly, tracing the definitional logic back, INA can recover only the medical expenses and work loss benefits that defendant recovered from INA in the earlier action.[2]

Accordingly, it is the view of the court that a genuine issue of material fact exists as to how much of the $9,611.10 award to defendant should be attributed to proper no-fault benefits (medical expenses, lost wages and attendant interest) and how much of the award should be attributed to attorney fees. Only upon resolution of this issue can defendant pay to INA these no-fault benefits which INA initially paid to defendant. Accordingly, plaintiff's motion for summary judgment will be denied to the extent that it asserts that damages are ascertainable as a matter of law.[3]

## ORDER

And now, January 18, 1983, upon consideration

2. The ultimate effect of the court's analysis is to leave with INA the burden of satisfying the attorney fees which defendant incurred in bringing suit against INA initially. Such effect is consistent with No-fault's policy regarding the award of attorney fees; such fees may be awarded only under circumstances which suggest unreasonableness or fraud on the part of the parties. See, e.g., 40 P.S. § 1009.107. In the instant case, INA's initial denial of defendant's claim forced the defendant to retain counsel and bring suit to enforce his right to benefits. Had INA paid defendant in the first instance, as the arbitration panel found to be its obligation, no attorney fees would have been incurred by defendant. Accordingly, it is appropriate that defendant not be required to return those sums which he paid to his attorney.

3. The foregoing convoluted analysis and resolution result from the present statutory scheme. The legislature may well wish to consider amendments to these provisions which will eliminate the possibility of multiple litigation, without purpose.

of the motion for summary judgment of plaintiff, Insurance Company of North America, the court having determined that there is no genuine issue as to any material fact on the issue of liability and that plaintiff is entitled to summary judgment as a matter of law on the issue of liability, it is hereby ordered and decreed that summary judgment is granted in favor of plaintiff, Insurance Company of North America, and against defendant, Edward Bethel, on the issue of liability.

Further, as it is the view of the court that a genuine issue of material fact exists as to the issue of damages, it is hereby ordered and decreed that summary judgment in favor of plaintiff is denied on the issue of damages.